## STABEN v. HERNANDEZ.   (No. 7727.)

(Court of Civil Appeals of Texas.   San Antonio.   March 9, 1927.)

**Vendor and purchaser ⚖⇒44—Evidence of fraud held insufficient to sustain judgment against vendor, where vendee had opportunity to examine land, and was informed of defect.**

Evidence, in action brought by vendee to cancel contract for alleged misrepresentations of vendor that land sold was level, *held* not to sustain judgment against vendor, where vendee had opportunity to examine the land, and was informed of a gully running across it.

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Suit by Maria Hernandez against Oscar Staben. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

M. J. Raymond, of Laredo, for appellant.
W. W. Winslow, of Laredo, for appellee.

FLY, C. J. Appellee sued appellant to recover $225 paid by her to him as part of the purchase money on lot 2, block 257, in the city of Laredo, which she had contracted in writing to buy from him, and to obtain the cancellation of said contract on the ground of fraud and misrepresentation. The court rendered judgment as prayed for by her.

The alleged misrepresentations are as follows:

"Defendant represented to plaintiff that he was the owner of lot No. 2 in the Oscar Staben replat of block 257 in the eastern division of the city of Laredo, Webb county, and that said lot was a good, level corner lot, worth the sum of $400."

Appellee, the only witness who testified as to the representations, swore on the direct examination:

"I understood that Mr. Oscar Staben was selling some lots, and I needed a lot, and I went to him to buy one. I went to him, and he told me that he had some lots, and that he had a good lot, the only trouble was that part of it was running into an arroyo. He told me that there was a half moon of an arroyo in the lot— an arroyo in the shape of a half moon. I did not see the lot before I contracted to buy it from Mr. Oscar 'Staben."

By arroyo is meant a gully running across part of the lot in a curved manner. She admits:

"I was there on the ground before I ever made the contract with Mr. Staben, but I did not know where the corner was."

Not only does the testimony of appellee fail to establish the allegations, but, if it had, her testimony as to what appellant told her about the lot would not support the allegation of fraud and misrepresentation. Nothing about the condition of the lot was concealed from appellee, but she was told about the gully, and, if she neglected to examine the lot, that disregard of her own interests should not be charged to appellant. It was not alleged nor proved that any relation of trust or confidence existed between the buyer and the seller, but, on the other hand, it was shown that appellant was the owner of real estate, and appellee, desiring a lot, went to him, and offered to buy, and he told her about the lot. The defects in the lot which he did not conceal were as open to her as to him, and, while admitting that she went on the lot before she bought, she denies that she knew about the gully. It was her duty to look at the land, which was open and accessible to her. The evidence is insufficient to sustain the judgment.

The judgment is reversed, and the cause remanded.